**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN CARLOS MANCILLA, AKA Juan Carlos Mancilla, | No. 13-70959 |
| Petitioner, | Agency No. A205-314-671 |
| v. | MEMORANDUM[*] |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 2, 2016
Pasadena, California

Before: D.W. NELSON, CALLAHAN, and N.R. SMITH, Circuit Judges.

Juan Carlos Mancilla petitions for review of the Board of Immigration

Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ")

decision (1) denying his claims for withholding of removal and protection under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

the Convention Against Torture ("CAT")[1] and (2) denying him the opportunity to apply for cancellation of removal.

1.    Substantial evidence supports the BIA's determination that Mancilla failed to establish that a protected ground will be at least one central reason for being persecuted.[2]  Although the IJ rejected Mancilla's social group claim based on then existing law, the IJ nevertheless concluded that Mancilla failed to establish a well-founded fear of future persecution on account of his membership in that particular social group.  The incidents, on which Mancilla relies to establish a fear of future persecution, occurred in the United States more than thirty years ago.  The BIA affirmed the IJ's conclusion that Mancilla failed to produce specific, objective evidence that he will be persecuted if he returns to Mexico, noting that his fear is objectively speculative.  A reasonable factfinder would not be compelled to find that Mancilla demonstrated a well-founded fear of future persecution.

Substantial evidence supports the BIA's conclusion that Mancilla did not establish relief under CAT.  Although the BIA did not specifically address the 2011 State Department Report, the IJ did.  The BIA agreed with and referenced the

---

[1] The BIA found that Mancilla's request for asylum was untimely.  Mancilla did not challenge this conclusion.  Thus, this issue is waived.  *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996).

[2] Mancilla did not challenge the conclusion that he did not suffer past persecution.  Thus, this issue is waived.  *See id.*

IJ's decision. We therefore "examine the reasoning articulated in the IJ's oral decision." *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008). Nothing in the record suggests that the BIA or IJ ignored evidence or failed to consider the evidence contained in the report. Thus, the BIA's conclusion that Mancilla did not establish eligibility for CAT relief does not compel a contrary conclusion.

2.      We have jurisdiction over Mancilla's cancellation of removal claim. Mancilla, a pro se petitioner, exhausted the issue of cancellation of removal in his appeal by raising elements of cancellation of removal in his brief. *See Ren v. Holder*, 648 F.3d 1079, 1084 (9th Cir. 2011). In any event, the BIA addressed the issue of cancellation of removal, noting Mancilla's failure to apply. The BIA further noted that Mancilla did not dispute his ineligibility for cancellation of removal in light of his criminal history. However, and most importantly, the law regarding Mancilla's eligibility for cancellation of removal (given his criminal conviction) has changed since that time. Therefore, exhaustion on this issue is not required. *See Alcaraz v. INS*, 384 F.3d 1150, 1158-59 (9th Cir. 2004).

In light of the change in the law, the BIA did not properly consider whether Mancilla's conviction under California Health & Safety Code § 11550(a) qualified as a conviction relating to a controlled substance. We therefore remand the matter

back to the BIA to make this determination and to determine whether Mancilla may qualify for cancellation of removal.

The parties shall bear their own costs on appeal.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**